James H. Warner, Appellant, *v.* Daniel H. Hastings, Amos H. Mylin, B. J. Haywood, Samuel J. M. McCarrell and Henry K. Boyer.

*Contracts—Contract for plans for state capitol—Architects—Equity—Discretion.*

A court of equity has no jurisdiction to control the exercise of the discretion of the commissioners appointed under the Act of April 14, 1897, P. L. 19, to erect a state capitol, where there is no allegation that the commissioners were acting in violation of the law which created their authority.

On a bill in equity for an injunction to compel the commissioners appointed under the act of April 14, 1897, to award the first prize to an architect whose plans had been recommended by a board of experts appointed by the commissioners, an allegation that the commissioners had allowed complainant's design to be photographed and published, whereby he lost the advantage of his skill and labor, will not prevent the court from dismissing the bill for want of equity, inasmuch as the complainant has an adequate remedy at law for the injury caused by the wrongful use of his plans.

*Doubted* whether a court of equity may order service on defendants outside the county where service has been accepted by one defendant in the county.

Argued Nov. 1, 1897. Appeal, No. 382, Jan. T., 1898, by plaintiff, from decree of C. P. Lancaster Co., Equity Docket No. 3, p. 209, on bill in equity. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for an injunction.

The facts appear by the report of Cope v. Hastings, ante, p. 300, and by the opinion of the Supreme Court.

*B. Frank Eshleman, George Nauman* and *John G. Johnson,* for appellant.

*John H. Weiss, Lyman D. Gilbert, Robert Snodgrass, J. Hay Brown* and *W. U. Hensel,* for appellee.

OPINION BY MR. JUSTICE MITCHELL, November 10, 1897:

This case was argued with Cope et al. v. Hastings et al., opinion filed herewith, and differs only in minor features.

That bill was defective in not showing any but a remote and contingent interest in the subject-matters. This one remedies that defect by the averment that complainant's plan was one of the eight favorably recommended by the board of experts and was in fact assigned the first place in the choice of the board.

For the reasons assigned in the former case, the court was without jurisdiction of the subject-matter, and in the present case there is in addition a doubt of the jurisdiction over the persons of the respondents. The record is sent up in very ragged condition without any original papers showing the service on defendants, and without even a certified copy of the docket entries in the court below. But as printed in the paperbook they show an injunction issued the day the bill was filed, without service on any one. It was said in the argument that service was accepted by the governor, and thereupon the court ordered service on the other respondents outside the county. The authority for such order may be questionable. To what extent the Act of April 6, 1859, P. L. 387, authorizes courts of equity to acquire jurisdiction by service outside the county is not very definitely settled, and we only notice this point at present to avoid an apparent precedent for such practice.

The complainant charges that the respondents, in violation of their pledge in consideration of which his drawings were put in competition, allowed his design to be photographed and published, whereby he lost the advantage of his skill and labor, etc. This is a separate ground of complaint, which could not be remedied by the injunction asked for in the bill. How far the commissioners by their action may have made themselves personally liable to the plaintiff is a question to be settled at law in a suit based on this separate cause of action. The dismissal of the present bill will therefore be without prejudice to complainant's rights, if any, in such an action.

Decree affirmed.