## Dukas v. Edwardsville Amusement Company et al.

*Benjamin R. Jones, Jr., Henry Sork,* and *Arthur Garfield Hays,* for plaintiff.

*O'Malley, Hill, Harris & Harris, S. Augustine Davis, John T. J. Brennan,* and *Leo W. White,* for defendants other than corporation.

APONICK, J., November 30, 1943.—This is an application for leave to serve certain defendants in an equity action outside the jurisdiction of this court. All the defendants in the case are nonresidents with the exception of the Edwardsville Amusement Company. The application is made under the Act of April 6, 1859, P. L. 387, 12 PS §1254, which provides that service may be made upon defendants outside the judicial district in which the bill is filed in two situations only: (1) When the suit involves real or personal property situate in the jurisdiction of the court, and (2) where the court has

already obtained jurisdiction by service on one or more of the principal defendants.

The first class of cases mentioned in that section are actions in rem. This being an action in personam (Atlantic Seaboard Natural Gas Co. v. Whitten, 315 Pa. 529; Mid-City Bank & Trust Co. v. Myers et al., 343 Pa. 465), the plaintiff must bring himself within the second class of cases. Service was effected on the Edwardsville Amusement Company by acceptance of service of the bill by plaintiff, acting as president of the corporation.

Plaintiff contends that this is a sufficient service upon a principal defendant to give this court jurisdiction. The nonresident defendants contend that the Edwardsville Amusement Company is not a "principal defendant" and that the acceptance of service by plaintiff is not "service" as that word is used in the Act of 1859.

The bill of complaint, which is before us by incorporation in the petition for the relief here sought, discloses that this is an action which is brought by plaintiff, as a stockholder of the Edwardsville Amusement Company, to recover certain sums of money which it is alleged were unlawfully taken from that company by the nonresident defendants. It is alleged in the bill that the action is brought by plaintiff and not the Edwardsville Amusement Company, because the board of directors of that company refused to bring the action. The question before us is whether a corporation joined as a defendant under such circumstances is a "principal defendant" within the meaning of the Act of 1859. Plaintiff concedes that if the answer to that question is in the negative this application must be denied.

In a stockholder's derivative action, the corporation of which the plaintiff is a stockholder, although named as a defendant, is in reality the plaintiff. Any money judgment will run in favor of the corporation even though it is named as a defendant, and there will be no affirmative relief granted to plaintiff: Arnstein v. Bethlehem Steel Corp. et al., 18 Fed. Supp. 916; Over-

field et al. v. Pennroad Corp. et al., 48 Fed. Supp. 1008; 13 Fletcher on Corporations (1943 revision), sec. 5939, p. 295, and sec. 5997, p. 377.

Counsel have referred us to no case in Pennsylvania which considers the exact set of facts now before us and our own independent research has disclosed none. However, the principles which are to be used as guides in determining the question are rather clearly marked.

In Coleman's Appeal, 75 Pa. 441, which is one of the earliest and most important cases under the Act of 1859, the Supreme Court laid down the following general rule (p. 457) :

". . . it has not been the policy of our jurisprudence to bring non-residents within the jurisdiction of our courts unless in very special cases. . . .

"The Act of 1859 ought, therefore, to receive a construction in harmony with this policy. There exists no good reason why courts of equity should be invested with a more enlarged jurisdiction against non-residents than courts of law. On the contrary . . . the inclination should be in a different direction."

In that case, a bill in equity was filed against a corporation and one Dwight, who was alleged to hold stock in the corporation, and other defendants who were debtors of Dwight. The relief sought was the transfer to plaintiff of the stock of the corporation held by Dwight and the moneys held by the other defendants. Dwight was a resident of New York State. The court held that service on the other defendants was not sufficient to give the court the jurisdiction necessary to permit service on Dwight outside the judicial district where the action was brought. In the course of the opinion, the court said (p. 459) :

"After the best consideration we have been able to give to this question, we have come to the conclusion that by 'principal defendants', the legislature meant what in the chancery books are more familiarly and commonly known as 'active,' as distinguished from mere 'passive' parties. . . ."

In Gallagher, Admr., v. Rogan et al., 322 Pa. 315, the court found that a bill in equity to compel an individual defendant, a nonresident of Philadelphia, to account to plaintiff for a bank account in a Philadelphia bank, shares of a corporation located in that city, and a mortgage on premises similarly located, which joined the bank and the corporation as defendants, did not present a case of principal defendants as to the bank and the corporation so as to permit extraterritorial service on the individual nonresident defendant.

In Montgomery Trust Co., Gdn., v. Pennsylvania Railroad Co. et al., 25 D. & C. 203, a suit was brought by the guardian of a mentally incompetent mother against her son and the Pennsylvania Railroad Company, to set aside an assignment of certain shares of the railroad company by the mother to the son and to restrain the transfer of the shares until final decision. The suit was brought in Montgomery County and the corporation was served there. The son was served in Delaware County, where he resided. The service on the son was set aside on the ground that the corporation was a mere passive defendant and not a principal defendant under the Act of 1859.

We think the analogy of those cases to the case now before us is clear. The Edwardsville Amusement Company is a defendant only because its board of directors refused to permit it to become a party plaintiff. Any money which plaintiff may recover will be payable to it and it is, therefore, necessary for the corporation to be a party to the record. It could not be made a party plaintiff without its consent, and so it must be a party defendant. No affirmative relief is sought against it and, in fact, none could be. If a corporation, the title to whose shares are in dispute, and a bank, holder of a disputed bank account, are not principal defendants, then we think it follows as a natural corollary that the Edwardsville Amusement Company is not a principal defendant.

626

This conclusion makes a discussion of the other point raised by the nonresident defendants unnecessary. There would seem to be some doubt, however, that the acceptance of service by the plaintiff as an officer of the Edwardsville Amusement Company gives this court the necessary jurisdiction: Warner v. Hastings et al., 183 Pa. 324. Accordingly,

Motion of plaintiff for leave to serve the nonresident defendants outside the territorial jurisdiction of this court is denied.